UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| ROSELL R. WOODSON, | CASE NO. 5:25 CV 1900 |
| Plaintiff, | JUDGE JOHN R. ADAMS |
| v. | |
| CORRECTION OFFICER SCHULTZ, *et al.*, | MEMORANDUM OF OPINION AND ORDER |
| Defendant. | |

This is another *pro se* case filed by Plaintiff Rosell R. Woodson relating to charges brought against him in the Stark County Court of Common Pleas stemming from his arrest in August 2025 following a traffic stop and altercation with police. This Court dismissed another case Plaintiff filed relating to his arrest, and the subsequent state criminal case brought against him, on the basis of the abstention doctrine announced in *Younger v. Harris*, 401 U.S. 37, 44-45 (1971) and *Pennzoil Co. v. Texaco*, Inc., 481 U.S. 117 (1987). *See Woodson v. Sgt. Ridell, et al.*, No. 5: 25-cv-1901 (N.D. Ohio Jan. 5, 2026.)

In his complaint (Doc. No. 1) and amendment (Doc. No. 3)[1] in this case, Plaintiff challenges the lawfulness of his treatment by corrections officer during his arrest and detention relating to the August incident. He contends he was subjected to excessive force and denied adequate medical treatment. He seeks monetary damages and injunctive relief.

Upon review, the Court finds that it must decline – for the same reasons it stated in Case No. 5: 25-cv-1901 – to exercise jurisdiction in this case on the basis of the *Younger* abstention doctrine. Plaintiff's criminal prosecution, in which he is charged among other things with resisting arrest and

---

[1] Plaintiff is entitled under Fed. R. Civ. P. 15(a) to amend his pleading as a matter of course; therefore, his amendment is considered as part of his pleading and his motion to amend is denied as moot.

assaulting corrections officers, is still pending in state court. *State v. Rosell Romont Woodson*, 2025 CR 1670 (Stark County Court of Common Pleas). There is no indication that Plaintiff lacks an opportunity to litigate in the state-court proceedings the lawfulness of his arrest and whether the officers used excessive force, and this Court will not interfere with the state court's determinations with respect to those matters.

Accordingly, the Court finds federal-court abstention warranted. *See Leveye v.Metro. Pub. Def. Office*, 73 F. App'x 792, 794 (6th Cir. 2003) (finding *Younger* appropriate in pre-trial detainee's *in forma pauperis* § 1983 action for injunctive relief against public defender, sheriff, and others on basis that criminal case was pending in state court, important state interest in criminal prosecutions was implicated, and there was no evidence that the state criminal proceedings did not or could not provide an opportunity for plaintiff to raise his constitutional claim).

In that Plaintiff primarily seeks monetary damages in this case in addition to injunctive relief, the appropriate procedure is for the Court "to stay the proceedings rather than dismiss the case without prejudice." *Cummings v. Husted*, 795 F. Supp. 2d 677, 694 (S.D. Ohio 2011) (citing *Brindley v. McCullen*, 61 F.3d 507, 509 (6th Cir. 1995)).

Therefore, Plaintiff's damages claims in this case are stayed, and this case is administratively closed, until the state prosecution is resolved. *See Brown*, No. 2:25-cv-12415, 2025 WL 3532119 (E.D.Mich. Dec. 9, 2025) (*sua sponte* staying and administratively closing case under *Younger* on the basis of a pending state-court criminal proceeding).

IT IS SO ORDERED.

                                                     */s/ John R. Adams*
                                                     JOHN R. ADAMS
                                                     UNITED STATES DISTRICT JUDGE

DATED: 1/8/2026